NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| NINA T., | ) |
| | ) Supreme Court No. S-19320 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-16-05910 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| MICHAEL P., | ) AND JUDGMENT* |
| | ) |
| Appellee. | ) No. 2124 – December 31, 2025 |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Laura Hartz, Judge.

Appearances: Nina T., pro se, Sheridan, Oregon, Appellant. Darryl L. Thompson, Darryl L. Thompson, P.C., Anchorage, for Appellee.

Before: Carney, Chief Justice, and Borghesan, Pate, and Oravec, Justices. [Henderson, Justice, not participating.]

1. This is the second time Nina T. has appealed the superior court's denial of her motion for unsupervised visitation with her child.[1] The superior court issued a child custody order in 2021 after she and Michael P. ended their relationship.

---

\* Entered under Alaska Appellate Rule 214.

[1] *See Nina T. v. Michael P.*, No. S-18134, 2022 WL 2715660, at \*7 (Alaska July 13, 2022).

That order was the subject of Nina's first appeal; we repeat only the facts relevant to the current appeal.**²**

2. The superior court's 2021 custody order awarded Michael sole legal and primary physical custody of the child. Nina was limited to supervised visitation after the court found that she had committed two acts of domestic violence, including felony custodial interference when she left Alaska with the child in violation of an interim custody order. It also found that she had knowingly presented "a falsified version of text messages" to the court to corroborate her allegations that Michael committed domestic violence against her, as well as presented a "false indictment" against a sitting judge in an Oregon proceeding.**³** The court characterized her behavior as a pattern of "extreme acts of deceit."**⁴**

3. After finding that unsupervised visitation would not be in the child's best interests, the court established "a pathway" to unsupervised visitation. Nina was required to show a "meaningful" change in her "belief system that ha[d] driven [her] . . . extreme actions" by engaging in therapy, and receiving a psychiatric evaluation "informed by collateral [information] from" Michael.

4. Nina appealed and we affirmed the superior court.**⁵**

5. In October 2023 Nina moved for unsupervised visitation.**⁶** She stated that she had obtained a psychiatric evaluation, taken parenting classes, and was living in Oregon in a stable home. Michael opposed, observing that the psychiatric evaluation and parenting classes had occurred before the 2021 order. Nina replied that Michael was trying to alienate her from their child, and claimed that she did not have mental

---

**²**  *See id.*

**³**  *Id.* at \*6.

**⁴**  *Id.*

**⁵**  *Id.* at \*8.

**⁶**  Nina is representing herself in this appeal.

health concerns. The court denied her motion, concluding that she had not shown a substantial change in circumstances to support modifying custody.[7]

6. Nina filed a second motion to modify visitation the following March; Michael again opposed. The court held an evidentiary hearing at which Nina and Michael testified. Nina testified that she had received "some" therapy sessions for her psychiatric evaluation, but admitted they were for diagnostic purposes rather than therapy. She testified that it was only "the judge's opinion" that she committed felony custodial interference, that she had "three years of domestic violence protective orders" against Michael, and that she had been denied the opportunity to "fully provide [her side of the] story in full detail fairly."

7. The court made oral findings on the record that Nina had not completed counseling or therapy sessions as ordered. It found that she minimized the significance of her custodial interference charge, and that her testimony demonstrated "that [she] still struggled to comprehend how others were impacted by her action[s]." It concluded that Nina had failed to demonstrate a substantial change in circumstances to warrant modifying visitation, and that unsupervised visitation was not in the child's best interests. The court again ordered Nina to engage in counseling to take "ownership of that past conduct," and to provide an updated mental health evaluation.

8. Nina again moved for unsupervised visitation in September 2024. She attached an updated mental health evaluation, a certificate showing she completed a domestic violence course, and again pointed to parenting classes she had taken. Michael again opposed, arguing that she still had not presented evidence of counseling or therapy sessions, nor demonstrated a meaningful change in her mental state. Nina replied that Michael was "selfish" and trying to further alienate her from their child.

---

[7] AS 25.20.110.

9. The court again denied Nina's motion. It concluded that Nina had not shown changed circumstances that would entitle her to another evidentiary hearing. The court found that Nina had not provided proof that she had received therapy or counseling, nor had she taken responsibility for her past behavior and custodial interference. It ordered that before it would consider future modification motions, Nina would need to have supervised visitation in Alaska.[8] Nina moved for reconsideration, which the court denied.

10. Nina appeals, reiterating the arguments she made to the superior court. She argues that the superior court clearly erred in its factual findings and that denying her unsupervised visitation was an abuse of discretion. Michael urges us to affirm the superior court.

11. Trial courts have "broad discretion in deciding child custody issues."[9] "A parent seeking to modify custody bears the burden of showing a substantial change in circumstances sufficient to justify modifying custody."[10]

12. Nina was thus required to show a significant change in circumstances, which the 2021 order specified was a meaningful change in her mental state. The superior court ordered her to receive a psychiatric evaluation informed by collateral information provided by Michael and engage in counseling or therapy sessions. She failed to do so. While she submitted an updated mental health evaluation, she failed to provide evidence that she received counseling or therapy. Nina even testified during the evidentiary hearing, "I don't need therapy."

---

[8] Nina stated that she had not visited the child since the court's 2021 custody order.

[9] *J.M. v. S.C.*, 552 P.3d 475, 481 (Alaska 2024) (quoting *Wee v. Eggener*, 225 P.3d 1120, 1124 (Alaska 2010)).

[10] *Bruce H. v. Jennifer L.*, 407 P.3d 432, 436 (Alaska 2017).

13. Nina's brief on appeal supports the superior court's finding that she refuses to take responsibility for her past behavior and custodial interference. She still denies the court's finding that she committed domestic violence acts; she denies needing therapy; and she continues to shift blame to Michael by repeatedly claiming that he is a domestic violence perpetrator.

14. Because Nina failed to demonstrate a significant change in circumstances, the court did not clearly err or abuse its discretion by denying her motion.

15. The superior court's decision is AFFIRMED.